Shaokelfoed, J.,
delivered the opinion of the Court.
The plaintiffs in error were indicted at the August Term, 1860, of the Circuit Court of Putnam County. The indictment charges they were Common School Commissioners, for the Fifth District of Putnam County, and did employ one Nathan Welsh to teach a common school, without his having a certificate of his competency and qualifications to teach, from some examiner. A plea of not guilty, was entered, and a trial hy jury, in which the defendants were found guilty. A motion for a new trial and arrest of judgment, was made, and overruled hy the Court — a fine of $5 imposed, from which an appeal was taken to this Court. We think there is no error in the record. The indictment is founded on sec. 1019 of the Code, which is as follows:
“The Common School Commissioners shall not employ any person to teach school, unless he or she first produce a certificate of some examiner, that he or she is competent to teach what may be required by the Commissioners.”
The language of the Act' is imperative, and any violation of it is a public wrong, for which the party may be punished. The intention of the Legislature is plain. The object was to protect the community from incompetent teachers. If the examiners discharged their duty, none but those qualified could fill the responsible position. The law is careful that those alone ’ should teach, who have the requisite qualification, and had received the certificate of the examiner. Sec. 1020 pro *183 vides, the County Court, “each year, may elect one or more persons in their county, to examine persons who desire to teach a common school, and give him a certificate, if found competent.”
The Commissioners were public officers having charge of the school district, and the distribution of the money appropriated for it by-the State; and for any violation of their duty, are guilty of a misdemeanor, and liable to punishment. No punishment is defined by the Statute. Sec. 4596 of the Code, provides, that when the performance of any act is prohibited by Statute, and no penalty for the violation of such Statute is imposed, the doing of such act is a misdemeanor.- It is a well-settled 'principle of the law, statutory or common, whenever a duty of a public nature is cast on one, any neglect of the duty, or act done in violation of it, is indictable: Bishop’s Crim. Law, vol. 1, p. 537; Whorton’s Orim. Law, p. 731. It is of vital importance to the future interest of the State, that these nurseries of learning should be closed to incompetent persons. The examiner, if he properly discharges his duty, will see that none obtain a certificate, unless they have all the requisite qualifications to take charge of the youth of the country; and those who are selected to control the common schools, by the people of the district, must yield obedience to the law. The State has adopted a system that ought to be fostered and carried out according to the intention of the Legislature. Those intrusted with the management of the common schools, must act in obedience to the law, or they are liable to punishment for the non-performance of their duty.
The judgment of the Circuit Court is affirmed.